PER CURIAM.
Appellant seeks review of a judgment of conviction and sentence based upon a jury verdict finding him guilty of forcible rape, with a recommendation of mercy.
The sole issue presented for our consideration is the sufficiency of the evidence to support the verdict.
Appellant’s only defense to the crime with which he was charged is that the prosecutrix gave her consent to the sexual act in which they engaged in return for the promise on his part to pay her an agreed sum of money. His defense, therefore, is one of consent.
We have carefully reviewed the testimony adduced at the trial and have considered the points made by appellant on which he relies to negate the State’s contention that he forced the prosecutrix against her will to have intercourse with him. Appellant’s argument was entirely valid when directed to the jury which tried the case. It is of little avail in this court, however, if there is other competent evidence in the record from which the jury could reasonably have reached the conclusion that appellant’s admitted act of intercourse with the prosecutrix was without her consent and against her will.
The verdict and judgment of guilt reach this court with a presumption of correctness, and all inferences to be drawn from the evidence must be viewed in a light most favorable to the verdict of judgment and guilt. It is evident that the jury believed the testimony of the prosecutrix and rejected that of appellant. It must be presumed that the jury followed the court’s instructions and found appellant guilty only after being satisfied beyond a reasonable doubt that he had committed the crime as charged. Apparently the able judge who tried the case agreed with the jury as he denied appellant’s motion for a directed verdict and for a new trial. Measuring the record before us in light of the foregoing principles, we find substantial, competent evidence to support the jury’s verdict and the trial court’s action.[1] The judgment appealed is accordingly affirmed.
SPECTOR, C. J., and WIGGINTON and JOHNSON, JJ., concur.

. Crum v. State (Fla.App.1965), 172 So.2d 24.