461 So.2d 212 (1984)
William B. ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. AY-195.
District Court of Appeal of Florida, First District.
December 18, 1984.
*213 F.T. Ratchford, Jr. of Merritt, Ratchford & Searcy, Pensacola, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals his convictions, after trial by jury, of criminal mischief and filing a false and fraudulent insurance claim. We find appellant's arguments regarding sufficiency of the evidence and his allegations of use of improper "similar fact" evidence under Williams v. State, 110 So.2d 654 (Fla. 1959) to be without merit and affirm as to those issues without discussion. However, our affirmance of appellant's challenge of his conviction for criminal mischief warrants further explanation.
Appellant was charged with burning his own mobile home with the intent to defraud his insurer, second degree arson, and filing a false and fraudulent insurance claim. Pursuant to agreement of the defense counsel and the prosecutor, the judge inadvertently but erroneously instructed the jury that criminal mischief, committed in violation of section 806.13(1)(b), Florida Statutes, is a lesser included offense of second degree arson. The second degree arson charged in this case, in violation of section 806.01(2), involved appellant's destruction of his own property whereas, pursuant to section 806.13(1)(a):
A person commits the offense of criminal mischief if he willfully and maliciously injures or damages by any means any real or personal property belonging to another. (Emphasis supplied.)
Thus, under the facts of this case, criminal mischief is not a proper lesser included offense of the second degree arson count since the element of damaging property of another was neither charged nor proven.
The jury returned a verdict of not guilty of burning the mobile home with the intent to defraud an insurer, but guilty of criminal mischief, and guilty of filing a false and fraudulent insurance claim. Thus, the jury relied upon the criminal mischief instruction in convicting appellant of that lesser offense rather than the greater offense of second degree arson.
Undisputedly, appellant did not object below to the giving of the lesser included offense instruction until the day after the jury's verdict was returned. Later, appellant moved for an arrest of judgment under rule 3.610(a)(4), Florida Rules of Criminal Procedure, on the ground that criminal mischief is not a proper lesser included offense of second degree arson. That motion was denied. Relying upon Achin v. State, 436 So.2d 30 (Fla. 1983), appellant asserts on appeal that denial of the motion was error.
In Achin, in accordance with the charge conference, and without objection, the trial court instructed the jury on extortion and attempted extortion. The jury found the defendant guilty on the asserted lesser included attempt charge. On appeal, the defendant argued that the court should vacate that conviction because "attempted extortion" is not a crime and one should not be convicted of a nonexistent crime. The district court agreed that attempted extortion is not a crime but held that in that case, "the error is not invariably fundamental and where the error is deliberately invited [by defense counsel] and the instruction not objected to, the defendant shall not be heard to complain about the result." 436 So.2d at 31. The supreme court agreed with the district court that attempted extortion is a nonexistent offense but concluded that one may not be convicted of a nonexistent crime and therefore the defendant was entitled to remand for retrial. The Achin case is distinguishable from the *214 case sub judice in that here we do not deal with conviction of a nonexistent crime. Criminal mischief is an existent crime, but in the instant case one element thereof, damage to the property of another, was neither charged nor proven.
The question before us is whether the error in giving that instruction, without objection, is fundamental so that the failure to object contemporaneously does not bar review on appeal. See McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971); Clark v. State, 363 So.2d 331 (Fla. 1978); and Ray v. State, 403 So.2d 956 (Fla. 1981). Ample evidence was presented to show that appellant committed the crime of second degree arson. After much consideration, we decline to find fundamental error in this case especially in light of the fact that defense counsel either requested or at least willingly acquiesced in the giving of the instruction that criminal mischief is a lesser included offense of second degree arson, and appellant apparently benefited in this case from the giving of that instruction since the jury obviously found the state's evidence against him credible. Compare the decision in Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983), in which the defendant did not object to the giving of an improper lesser included offense instruction and was then found guilty of that lesser included offense although the information filed against him had not alleged all of the elements thereof. The court concluded:
[I]t was not fundamental error to convict Torrence of the crime since he had opportunities to object on the record to the erroneous instruction as well as the verdict form and failed to do so and aggravated assault is lesser in degree and penalty than attempted robbery.
At 394. In reaching that conclusion, the court relied upon the supreme court's decision in Ray, where, without objection, the jury was instructed on an improper lesser included offense. The court reversed the conviction only because the improper lesser included offense was not a crime of lesser degree or one subject to a lesser penalty than the charged offense, since both crimes were second degree felonies. However, the court, in Ray, went on to say:
If Ray's counsel had requested the improper instruction, or had affirmatively relied on that charge as evidenced by argument to the jury or other affirmative action, we could uphold a finding of waiver absent an objection because constitutional error might not be fundamental error and because even constitutional rights can be waived if not timely presented. At trial, objecting to erroneous instructions is the responsibility of a defendant's attorney, and the attorney's failure to object to such instructions can properly constitute a waiver of any defects... . [Footnotes omitted].
We hold, therefore, that it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction... .
403 So.2d at 961.
In McPhee, the defendant was charged with illegal possession of a hallucinogenic drug, LSD. During the trial, defense counsel, on an incorrect conception of the law, had convinced the court to require the state to elect between the two counts of the information which had originally charged both illegal possession and illegal sale of the drug. The state elected to proceed under the illegal sale count. Defense counsel made no objection to the trial court's charge to the jury on the law relating to the illegal sale and illegal possession of a hallucinogenic drug. The jury returned a conviction of illegal possession of the drug as a lesser included offense of the charge of illegal sale. On appeal, the court found that illegal possession of a hallucinogenic drug is not a necessarily lesser included offense of the charge of illegal sale of such *215 a drug. However, the court concluded that under the circumstances of the case, the verdict did not constitute fundamental error. Therefore, the failure of defense counsel to object to the court's instruction on that offense was not reviewable.
In light of the above authorities, we conclude that although the instruction to the jury regarding the crime of criminal mischief was error, the error was not fundamental and, in the absence of a contemporaneous objection by defense counsel, it cannot be grounds for reversal on appeal.
AFFIRMED.
JOANOS and NIMMONS, JJ., concur.