600 So.2d 524 (1992)
Michael D. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00942.
District Court of Appeal of Florida, Second District.
June 12, 1992.
James Marion Moorman, Public Defender and David A. Snyder, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
*525 RYDER, Judge.
We have for review three issues raised by Michael D. Williams who was convicted of one count of aggravated battery. After a jury found Williams guilty as charged, Williams moved to dismiss his trial counsel. The trial court granted his motion. On the same day, however, Williams requested that a new attorney be appointed to represent him at his sentencing hearing. The trial court denied Williams' request for counsel to represent him at the sentencing hearing. The trial judge declared Williams was a habitual violent felony offender and sentenced him to thirty years' incarceration. A pro se notice of appeal was filed on March 13, 1990. On August 22, 1990, this court entered an order accepting appellant's pro se notice as a petition for a writ of habeas corpus and determined that the case should proceed as a belated appeal.
The testimony at trial revealed that the victim, Jeffrey Young, gave appellant's brother, Daniel Williams, a ride in his car and, in turn, asked Daniel for gas money. Young went to the Williams home to collect the money. Young asked Daniel for $2.00 for gas. Daniel did not have the money. Young picked up a stick from the ground and broke it in half on the Williams' porch. Daniel then jumped off the porch and tackled Young. During the scuffle, Young was on top of Daniel. At this time, appellant Williams, came out of the house and stabbed Young in the back. Appellant Williams also hit Young with the butt end of the knife, over the eye. Young was not holding the stick when he was stabbed, and Young was not using the stick as a weapon on Daniel. The Daniel-Young fight continued for approximately five minutes.
At the time of the incident, Young had no problems with Daniel or with Williams and was not aware of any problem that Williams had with him. Young testified that he broke the branch on the porch in an effort to "communicate" with Daniel. The state rested; the defense moved for acquittal, which was denied, and then rested. This timely appeal followed.
Williams' defensive tack at trial was that he, indeed, was acting in defense of others (Daniel). During cross-examination of Young, Williams was not permitted to explore Young's propensity for violence. Williams contends that the trial court erred by not allowing him to cross-examine Young about this propensity.
In order for specific acts of violence to be admissible, it must be shown that the defendant is aware of the specific acts and has a reasonable fear that he was being unjustifiably attacked. Reddick v. State, 443 So.2d 482 (Fla. 2d DCA 1984). See also Taylor v. State, 513 So.2d 1371 (Fla. 2d DCA 1987). There was no proffer made of the testimony sought to be admitted and Williams did not testify that he was aware of any specific bad acts of the victim. Therefore, we cannot speculate what the testimony would have been in determining whether it was error not to allow it. Lucas v. State, 568 So.2d 18 (Fla. 1990); Mitchell v. State, 321 So.2d 108 (Fla. 1st DCA 1975), cert. dismissed, 345 So.2d 425 (Fla. 1977). Accordingly, Williams' conviction for aggravated battery is affirmed.
Williams also contends that the trial court erred in failing to appoint new counsel to represent him during the sentencing hearing. We agree. After the trial court granted Williams' motion to dismiss his counsel, Williams requested that new counsel be appointed. The trial court denied the request, reasoning that Williams had already had two attorneys represent him and the court was not going to appoint a third. Although we sympathize with the beleaguered trial judge in circumstances we perceive from the record, the court improperly denied Williams his constitutional right to counsel when it required him to proceed at the sentencing hearing pro se. Stanojevich v. State, 567 So.2d 37 (Fla. 3d DCA 1990).
The state relies upon the case of Koon v. State, 513 So.2d 1253 (Fla. 1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1124, 99 L.Ed.2d 284 (1988) for the proposition that a trial court may refuse to appoint new counsel when the defendant has abused the system by dismissing and being appointed numerous attorneys. However, Koon is *526 not applicable to facts in this case. The trial court in Koon did not grant the defendant's motion to dismiss his present counsel, therefore, the defendant continued to be represented. Here, Williams was required to represent himself against his will. He requested an attorney several times, which the court denied. Accordingly, the sentence is reversed and the case is remanded for resentencing.
Williams next claims that the trial court erred in sentencing him pursuant to section 775.084, Florida Statutes (1989), when Williams' crime occurred prior to October 1, 1989. Williams contends, and we agree, that upon resentencing, the trial court should resentence Williams under section 775.084, Florida Statutes (Supp. 1988).
Williams' conviction is affirmed, but his sentence is reversed and the case is remanded for further proceedings consistent with this opinion.
Affirmed in part, reversed in part and remanded.
SCHOONOVER, C.J., and LEHAN, J., concur.