PER CURIAM.
We must reverse O’Brian’s conviction for attempted manslaughter and remand for a new trial because a jury instruction was given on attempted manslaughter by culpable negligence, a non-existent crime in Florida. Taylor v. State, 444 So.2d 931 (Fla.1983); Arline v. State, 550 So.2d 1180 (Fla. 1st DCA 1989). We also remand for resentencing on O’Brian’s conviction for aggravated battery (a second-degree felony), as the State concedes that the sentence was improperly enhanced to a first-degree felony under section 775.087(1), Florida Statutes (1991), based upon O’Brian’s use of a weapon in committing the offense.
BOOTH, MICKLE and BENTON, JJ., concur.