658 So.2d 626 (1995)
Robert Emilio VALLADARES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2423.
District Court of Appeal of Florida, Fifth District.
July 21, 1995.
*627 James B. Gibson, Public Defender, and Anne Moorman Reeves, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Timothy D. Wilson, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Valladares was tried and convicted of (1) attempted felony murder of a law enforcement officer; (2) grand theft of a motor vehicle; and (3) escape. The evidence at trial indicated that Valladares, while attempting to escape from custody, nearly ran over a police officer in the process, forcing the latter to dive onto the hood of the motor vehicle Valladares was driving. Subsequently, the car smashed into a tree and the officer was thrown off the hood. Valladares had swerved the car prior to the crash, attempting to dislodge the officer.
On appeal Valladares contends that he was improperly charged with attempted felony murder of a law enforcement officer, and, furthermore, that the facts of the case did not include an "overt act" sufficient to support conviction for that offense. Valladares also argues that the trial court fundamentally erred in failing to give the entire, required sequence of instructions for all attempted homicides.
Subsequent to the filing of the briefs in the instant case, the Florida Supreme Court issued its opinion in State v. Gray, 654 So.2d 552 (Fla. 1995), wherein it receded from Amlotte v. State, 456 So.2d 448 (Fla. 1984) and concluded that Justice Overton's dissent in that case was correct  i.e., the crime of attempted felony murder is logically impossible. Hence, there is no such crime in Florida as attempted felony murder. The Gray decision was explicitly deemed to be applicable to all cases then pending on direct review or not yet final as of that time.
Valladares was convicted in the instant case of the non-existent crime of attempted felony murder. We reverse that conviction and remand for resentencing in regard to his convictions for grand theft and escape.
REVERSED and REMANDED.
HARRIS and GRIFFIN, JJ., concur.