658 So.2d 1159 (1995)
Roderick STOKES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01167.
District Court of Appeal of Florida, Second District.
August 2, 1995.
*1160 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Scott A. Browne, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Roderick Stokes seeks review of his conviction for armed robbery with a firearm and attempted first degree murder. He contends that the trial court erred in refusing to allow reverse-Williams[1] Rule evidence and in sentencing him to twenty-seven years' imprisonment followed by life probation on a life felony. Because the reverse-Williams Rule evidence was not sufficiently similar to meet the test of relevancy, we affirm the trial court's ruling, but we reverse for the sentencing error.
Regarding the reverse-Williams Rule evidence, the record shows that the only similarities between the underlying offense and the similar act were the victim's nationality and the fact that the same individual claimed in each case to have been outside the residences where the shootings occurred. The appellant's counsel made no proffer. "This court cannot speculate what any proffered testimony would have been in determining whether it was error not to allow it." Williams v. State, 600 So.2d 524, 525 (Fla. 2d DCA 1992).
In any event, the only similarities offered do not evince the requisite degree of similarity so as to require their admission.
The test for admissibility of similar-fact evidence is relevancy. When the purported relevancy of past crimes is to identify the perpetrator of the crime being tried, we have required a close similarity of facts, a unique or "fingerprint" type of information, for the evidence to be relevant. If a defendant's purpose is to shift suspicion from himself to another person, evidence of past criminal conduct of that other person should be of such nature that it would be admissible if that person were on trial for the present offense.
State v. Savino, 567 So.2d 892, 894 (Fla. 1990) (citations omitted). We conclude that the trial court did not abuse its discretion in disallowing the reverse-Williams Rule evidence.
The trial court must resentence the appellant because a sentence of a term of years followed by life probation exceeds the statutory maximum of forty years on a life felony. Dyer v. State, 629 So.2d 285 (Fla. 5th DCA 1993).
Affirmed in part, reversed in part and remanded for resentencing.
SCHOONOVER and QUINCE, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).