PER CURIAM.
The appellant, Darius Johnson, challenges the judgments and sentences imposed upon him after he pled nolo contendere to attempted first degree felony murder, four counts of robbery with a firearm, three counts of burglary, and one count of robbery. We reverse the conviction imposed for the crime of attempted first degree felony murder.
In several informations the state charged appellant with four counts of robbery with a firearm, one count of robbery, three counts of burglary, and one count of attempted first degree felony murder. Appellant filed a motion to suppress statements he had made to the police while he was in custody. The trial court denied the motion. Appellant subsequently pled nolo contendere to the charges and reserved the right to appeal the denial of the motion to suppress his confession. The trial court sentenced appellant and he filed a timely notice of appeal.
We find merit only in the appellant’s contention that he was improperly convicted of attempted first degree felony murder. During the pendency of this appeal, the supreme court decided State v. Gray, 654 So.2d 552 (Fla.1995). In Gray, the court held that attempted felony murder is no longer recognized as a crime under Florida and made the holding applicable to all cases pending on appeal.
We, therefore, reverse appellant’s conviction and sentence for attempted first degree felony murder, affirm the remainder of appellant’s convictions, and remand for resen-tencing on these remaining convictions. Valladares v. State, 658 So.2d 626 (Fla. 5th DCA 1995). See also Harris v. State, 658 So.2d 1226 (Fla. 4th DCA 1995). Appellant has raised other issues concerning costs imposed at sentencing and calculation of points for his prior offenses but we decline to rule on those issues because the errors, if any, may be cured at the resentencing.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and FRANK and PARKER, JJ., concur.