682 So.2d 186 (1996)
John LEWELLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02306.
District Court of Appeal of Florida, Second District.
October 9, 1996.
Robert E. Jagger, Public Defender, and Dwight Wolfe, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia J. Hakes, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
John Lewellen raises seven issues challenging his judgment and sentence for petit theft. We affirm, without discussion, the issues regarding discovery and various evidentiary rulings. We find merit only in Lewellen's contentions that the trial court erred by classifying his conviction as a first degree misdemeanor petit theft and by imposing a court cost that exceeds the amount authorized by statute. Therefore, we reverse and remand.
The state filed a one count information charging Lewellen with grand theft of a motor vehicle, a third degree felony, under section 812.014(2)(c), Florida Statutes (1993). Pursuant to agreement of the prosecutor and defense counsel, the trial court instructed the jury that petit theft is a lesser included offense *187 of grand theft of a motor vehicle. The jury found Lewellen guilty of petit theft.
On June 1, 1995, the trial court adjudicated Lewellen guilty of petit theft and sentenced him to six months in jail, followed by six months of probation. Although the written judgment does not state the degree of the conviction, it is clear from the sentence imposed and our review of the relevant transcripts that the trial court considered Lewellen's prior convictions for petit theft and imposed a first degree misdemeanor sentence. See § 775.082(4)(a), Fla.Stat. (1993). The state concedes that the information did not refer to any prior theft convictions as required to elevate the petit theft conviction to a first degree misdemeanor. See § 812.014(3)(b). The state also concedes that this omission requires reversal. Where there is a possibility that a conviction for a lesser included petit theft offense may result in a first degree misdemeanor adjudication and sentencing, the state must put the defendant on notice in the charging document. See Young v. State, 641 So.2d 401 (Fla.1994); Jenkins v. State, 617 So.2d 836 (Fla. 4th DCA 1993). Accordingly, we hold it was fundamental error to classify Lewellen's petit theft conviction as a first degree misdemeanor.
Although our reversal renders Lewellen's challenge to court costs moot, we address this issue in order to provide guidance to the trial court on remand. Lewellen contends that the trial court erred by imposing a $200 court cost pursuant to section 27.3455, Florida Statutes (1993), because it was not orally announced at sentencing and because it exceeds the amount that may be assessed for a misdemeanor conviction. The trial court is not obligated to announce orally the dollar amount of statutory costs that are mandatory, such as those prescribed by section 27.3455(1), because publication of these costs in the Florida Statutes provides every defendant with adequate notice. See Reyes v. State, 655 So.2d 111, 116-117 (Fla. 2d DCA 1995) (en banc). However, as the state concedes, the mandatory court cost that should be imposed for a misdemeanor is $50.
Lewellen raises two other challenges to his petit theft conviction which have no merit but which warrant discussion. Relying on Valladares v. State, 658 So.2d 626 (Fla. 5th DCA 1995), and O'Brian v. State, 649 So.2d 336 (Fla. 1st DCA 1995), Lewellen argues that his conviction must be vacated because he was convicted of petit theft of a motor vehicle which he claims is a non-existent crime. The cases cited by Lewellen hold that a conviction for a non-existent crime cannot stand. However, this case is distinguishable. In Valladares, 658 So.2d 626, the defendant was convicted of the non-existent crime of attempted felony murder. In O'Brian, 649 So.2d 336, the defendant was convicted of the nonexistent crime of attempted manslaughter by culpable negligence. Here, the jury found Lewellen guilty of petit theft, which is a crime. See § 812.014(3). Thus, Lewellen's contention that he was convicted of a non-existent crime is wrong. However, a potential problem does exist in this case because, as Lewellen correctly asserts on appeal, petit theft is not a lesser included offense to the charge of grand theft of a motor vehicle.
Section 812.014(3)(a) defines petit theft as "[t]heft of any property not specified in subsection (2)." Theft of a motor vehicle is specified in subsection (2) and classified as grand theft of the third degree, a third degree felony. Thus, petit theft is not a proper lesser included offense of grand theft of a motor vehicle. See Johnson v. State, 380 So.2d 1024, 1026 (Fla.1979). A similar situation is addressed in Roberts v. State, 461 So.2d 212 (Fla. 1st DCA 1984). Roberts was charged with second degree arson for burning his own home. Pursuant to agreement of the prosecutor and defense counsel, the trial court erroneously instructed the jury that criminal mischief was a lesser included offense. The arson charge alleged that Roberts destroyed his own property whereas, pursuant to section 806.13(1)(a), Florida Statutes, criminal mischief is defined as damage to property of another. As to the arson charge, the jury found Roberts guilty of criminal mischief, the asserted lesser included offense. The First District concluded that, "under the facts of this case, criminal mischief is not a proper lesser included offense of the second degree arson count since the element of damaging property of another was neither charged nor proven." Id. at 213. The court then observed that, notwithstanding *188 the failure of proof, criminal mischief is an existent crime.
The pivotal question in Roberts was whether the error in giving the erroneous instruction was fundamental so that failure to object contemporaneously does not bar review on appeal. The court relied on the following language in Ray v. State, 403 So.2d 956, 961 (Fla.1981), to conclude that the error was not fundamental:
We hold, therefore, that it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidence by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction.
In the instant case, the improperly charged offense of petit theft is lesser in degree and penalty than the main offense, grand theft of a motor vehicle. Furthermore, not only was there no objection but defense counsel stated that he agreed with the instruction and the verdict form as presented to the jury. Therefore, we must conclude that, although the instruction to the jury regarding petit theft was error, the error was not fundamental and, in the absence of a contemporaneous objection by defense counsel, it cannot be grounds for reversal on appeal.
Nevertheless, we reverse the judgment and sentence because, as we previously explained, the trial court erred by classifying the petit theft conviction as a first degree misdemeanor. Upon remand the trial court is directed to adjudicate Lewellen guilty of a second degree misdemeanor petit theft and to resentence him in accordance with this opinion.
Reversed and remanded with directions.
DANAHY, A.C.J., and WHATLEY, J., concur.