ALTENBERND, Judge.
Roderick Stokes appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
In August 1994, a jury convicted Mr. Stokes of armed robbery with a firearm and attempted first-degree felony murder. This court affirmed Mr. Stokes’ convictions, but remanded the case for resentencing. Stokes v. State, 658 So.2d 1159 (Fla. 2d DCA 1995). While Mr. Stokes’ direct appeal was pending, the supreme court held in State v. Gray, 654 So.2d 552 (Fla.1995), that the crime of attempted felony murder no longer exists in Florida. Neither the state nor Mr. Stokes’ appellate counsel brought the Gray decision to our attention.
Mr. Stokes’ rule 3.850 motion first contended that because Gray was decided while his appeal was pending, his conviction for attempted first-degree felony murder must be vacated. The trial court denied relief, reasoning that this issue should have been resolved in the direct appeal. We have elected to treat this aspect of Mr. Stokes’ present appeal as a petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. After reviewing the state’s response on this issue, we conclude that Gray requires us to vacate Mr. Stokes’ conviction for attempted first-degree felony murder. See Gray, 654 So.2d at 554. On remand, the state may retry Mr. Stokes under the guidelines recently announced in State v. Wilson, 680 So.2d 411 (Fla. 1996).
Mr. Stokes’ motion also raised several grounds of ineffective assistance of trial counsel. We conclude that these allegations *1369 are either facially insufficient or refuted by the documentation in this appellate record.
We observe that Mr. Stokes is serving two concurrent guidelines sentences. These sentences impose 27 years’ imprisonment, followed by probation. We cannot determine from this record whether vacating the attempted first-degree felony murder conviction will affect the sentence on the armed robbery conviction. This is a matter which the trial court should address on remand.
Affirmed in part, reversed in part, and remanded with directions for further proceedings.
PATTERSON, A.C.J., and BLUE, J., concur.