718 So.2d 215 (1998)
Ricky Leonard SUTTON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3115.
District Court of Appeal of Florida, First District.
July 29, 1998.
*216 Appellant Pro Se.
Robert A. Butterworth, Attorney General, and Trina Kramer, Assistant Attorney General, Tallahassee, for Appellee.
BOOTH, Judge.
This case is before us on appeal from the trial court's denial of Appellant's motion under Florida Rule of Criminal procedure 3.850. Appellant's theory of relief was that the jury convicted him of attempted felony-murder, a crime that the Florida Supreme Court subsequently abolished. State v. Gray, 654 So.2d 552, 554 (Fla.1995).
We hold that the jury lawfully convicted Appellant of attempted premeditated murder by employing well-established presumptions regarding jury instructions. The trial judge below instructed the jurors that they could find Appellant guilty of attempted first-degree murder under either one of two theories: First, under section 782.04(1)(a)1, Florida Statutes (1991), when the attempt is "perpetrated from a premeditated design to effect the death of the person killed or any human being;" or, second, under a felony-murder theory whereby the attempted killing happens while engaged in the perpetration of specified felonies. § 782.04(1)(a)2a-j, Fla. Stat. (1991). According to the trial judge's instructions, therefore, in order for the jury to find Appellant guilty under the felony-murder theory, the jury would also have had to find him guilty of burglary of a conveyance, the only underlying felony charged. § 782.04(1)(a)2e, Fla. Stat. (1991). The jury, however, did not find Appellant guilty of burglary. Therefore, by applying the well-established presumption that juries follow trial court instructions, the jury below did not find Appellant guilty of attempted felony-murder, but rather of attempted premeditated murder, as charged.[1]
Appellant's reliance on Stokes v. State, 685 So.2d 1368 (Fla. 2d DCA 1996) is misplaced. Stokes is distinguishable from the instant case because there it was "not possible to determine with any certainty upon which of *217 the two theories the jury relied in convicting [the defendant] of attempted first-degree murder," whereas in the instant case it is possible to determine from the verdict form, jury instructions, and well-settled law that the jury lawfully convicted Appellant of attempted premeditated first-degree murder. Spencer v. State, 693 So.2d 1001 (Fla. 4th DCA), rev. denied, 698 So.2d 1225 (Fla.1997).
Accordingly, the judgment of conviction is hereby affirmed.
PADOVANO, J., concurs.
BENTON, J., dissents.
NOTES
[1] The law presumes that the jury followed the trial judge's instructions in the absence of evidence to the contrary. Collier v. State, 259 So.2d 765, 766 (Fla. 1st DCA 1972)(holding that it "must be presumed that the jury followed the court's instructions and found appellant guilty only after being satisfied beyond a reasonable doubt that he had committed the crime as charged."); Hand v. State, 188 So.2d 364, 367 (Fla. 1st DCA 1966)(holding that "it must be presumed" that the jury will follow the trial court's instructions, and that the jurors "lived up to their solemn obligation as citizen-jurors in the absence of any indication to the contrary."), quashed on other grounds, 199 So.2d 100 (Fla. 1967). See also Silvestri v. State, 332 So.2d 351, 354 (Fla. 4th DCA)(holding that "we are required conclusively to presumeand we could not even receive juror's affidavits to the contrarythat the jury acted properly as to matters which necessarily inhered in its verdicts.") (citations omitted), approved, 340 So.2d 928 (Fla.1976).