CAMPBELL, MONTEREY, (Senior) Judge.
Mourer & Mourer, Inc., challenges the trial court order granting George and Kitty Terry’s motion to set aside the verdict and granting a new trial. We reverse.
The Terrys hired general contractor Mourer to build a single-family residence and detached studio on property they owned in Sebring. Before construction was completed, the Terrys began storing personal belongings in the studio. A flood occurred while plumbing fixtures were being tested which resulted in damage to some of the Terrys’ personal belongings. *221 The Terrys sued Mourer for damages on a negligence theory. The trial judge granted summary judgment in favor of the Ter-rys as to Mourer’s liability for causing the flood, but reserved all of Mourer’s affirmative defenses.
The case was submitted to the jury with an instruction that Mourer was negligent and such negligence was the.legal cause of the Terrys’ damage. The jury was also instructed on the comparative negligence, if any, of the Terrys and their duty to mitigate damages. The issues of comparative negligence and the amount of any damages resulting from the parties’ respective negligence were hotly contested. The jury heard evidence and argument purporting to show the Terrys’ failure to mitigate, assumption of risk, comparative negligence, and failure to prove compensable damages. The Terrys declined to seek nominal damages.
The jury found that the Terrys suffered no compensable damages attributable to Mourer’s negligence. The trial judge granted the motion for new trial on the sole ground that the jury failed to follow its instructions. There is no evidence that supports the trial judge’s conclusion. The jury was instructed on comparative negligence and the duty to mitigate. Absent evidence to the contrary, there is a presumption that jurors followed the trial judge’s instructions. Sutton v. State, 718 So.2d 215, 216 n. 1 (Fla. 1st DCA 1998). There is ample evidence to support the jury’s verdict.
Reversed and remanded. On remand, the jury’s verdict shall be reinstated and judgment entered for Mourer.
THREADGILL, A.C.J., and SILBERMAN, J., Concur.