DAVIS, Judge.
Edward Lee Livar challenges his conviction and sentence for petit theft, raising three issues on appeal. Because the trial court improperly instructed the jury, we reverse.
The State charged Livar with grand theft of an' automobile and petit theft of a check. At trial, after the State rested, the trial court granted Livar’s motion to dismiss the petit theft charge. However, during the charge conference, the State requested that the trial court instruct the jury on petit theft as a lesser included offense of grand theft of an automobile. Counsel for Livar objected, arguing that there were no logical lesser included offenses for grand theft of an automobile. The trial court disagreed and gave the instruction. Following deliberations, the jury returned a verdict of guilty as to the lesser included offense of petit theft.
Section 812.014(3)(a), Florida Statutes (2002), provides: “Theft of any property not specified in subsection (2) is petit theft of the second degree.... ” In Lewellen v. State, 682 So.2d 186, 187 (Fla. 2d DCA 1996), this court noted that “[tjheft of a motor vehicle is specified in subsection (2) and classified as grand theft of the third degree, a third[-]degree felony. Thus, pet-it theft is not a proper lesser included offense of grand theft of a motor vehicle.” (Citing Johnson v. State, 380 So.2d 1024, 1026 (Fla.1979).) Accordingly, the trial court here erred in giving the petit theft instruction. Because the error was preserved by objection below, see id. at 188, we must reverse Livar’s conviction. As *545 such, we need not address the other two issues raised by Livar on appeal.
Reversed.
SILBERMAN and COVINGTON, JJ., concur.