955 So.2d 1252 (2007)
Douglas CASTILLO, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4898.
District Court of Appeal of Florida, First District.
May 17, 2007.
Douglas Castillo, pro se, Appellant.
Bill McCollum, Attorney General, Tallahassee, for Appellee.
*1253 PER CURIAM.
Douglas Castillo, convicted of one count of DUI manslaughter and one count of DUI with great bodily harm, appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850 (2006), in which he raised six grounds claiming his trial counsel was ineffective. We agree that an evidentiary hearing is necessary on three of the grounds raised in the postconviction motion, and reverse the summary denial as to these grounds, but as to these grounds only.
The trial court initially considered the appellant's postconviction motion and ordered an evidentiary hearing on one of the grounds. For unexplained reasons, this hearing never took place, and the trial court later rescinded its order for the evidentiary hearing and summarily denied the final ground, too. The question originally set for hearing was whether trial counsel was ineffective for failing to pursue evidence that the appellant was not intoxicated at the time of the accident, but that alcohol he drank near the time of the accident accounted for the blood alcohol content of a sample taken two hours after the accident, which indicated intoxication at that time.
We agree with the trial court's initial determination that the appellant stated a facially sufficient claim that counsel was ineffective on this ground and is entitled to an evidentiary hearing on this issue, absent refutation by additional record attachments. See Fla. R.Crim. P. 3.850(d) (2006). See also Parker v. State, 904 So.2d 370, 376 (Fla.2005) ("As a general proposition, a defendant is entitled to an evidentiary hearing on any well-pled allegations in a motion for postconviction relief unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient."). The trial court found that the claim was refuted by the record because this argument would have been contrary to his defense at trial, which was that he had not been drinking at all. Contrary to the trial court's assertion, however, nothing in the five pages of trial transcript attached to the denial of the postconviction motion conclusively refutes the appellant's claim. The appellant's claim is that a different defense theory should have been presented, and that this theory would have been consistent with other evidence presented at trial.[*] Thus, insofar as the order under review and its attachments reveal, an evidentiary hearing is necessary to determine whether trial counsel was ineffective for failing to pursue this alternative defense theory.
The trial court also rejected the appellant's claim that counsel was ineffective for failing to object to testimony given and medical records made by a nurse, who was not qualified as an expert, that the appellant exhibited "Horizontal Gaze Nystagmus" (HGN), a condition evidencing intoxication. The appellant is correct that such opinion testimony requires an expert witness. See State v. Meador, 674 So.2d 826, 836 (Fla. 4th DCA 1996) ("The HGN test results should not be admitted as lay observations of intoxication because HGN testing constitutes scientific evidence. Thus, although the evidence may be relevant, the danger of unfair prejudice, confusion of issues, or misleading the *1254 jury requires the exclusion of the HGN test evidence unless the traditional predicates of scientific evidence are satisfied. If the state cannot present evidence to demonstrate compliance with [the predicates for the introduction of scientific evidence], then the HGN test evidence should be excluded."). There is nothing in the attached record to indicate that the nurse in this case was an expert qualified to testify as to the HGN. In addition, although medical records are admissible under the business records exception to the hearsay rule, see Love v. Garcia, 634 So.2d 158, 159-60 (Fla.1994), a judge should exclude these records when it is shown that the records are not trustworthy. Id. The appellant contends that trial counsel should have objected to the admission of the nurse's records on grounds they were untrustworthy, and argued that the nurse was not an expert qualified to give her opinion as to whether the appellant was intoxicated based on the result of the HGN test.
The trial court concluded that other evidence of intoxication, chiefly the blood alcohol content test, was dispositive, making admission of the nurse's testimony and the medical records containing her opinions nonprejudicial. Absent record refutation, an evidentiary hearing on these issues may be necessary, however, because trial counsel did not pursue the theory that alcohol consumption after the accident accounted for the blood alcohol content at the time of testing. Without an evidentiary hearing or record refutation, it would be inappropriate, given appellant's theory of ineffective assistance set out above, to rely on evidence of his blood alcohol content two hours after the accident to find that the nurse's lay opinion regarding HGN was not prejudicial.
Accordingly, summary denial of the postconviction motion is reversed, and the case is remanded for the trial court to hold an evidentiary hearing on these claims, or attach portions of the record that conclusively refute the claims.
REVERSED and REMANDED.
BROWNING, C.J., BENTON, and LEWIS, JJ., concur.
NOTES
[*] For example, there was testimony by witnesses who smelled alcohol on the appellant's breath and testimony that he was drinking while in the car (which could account for his blood alcohol level when tested without his being intoxicated at the time of the accident, as he claims).