WALLACE, Judge.
 

 Kiev Rayvon Robinson challenges his judgment and sentence for second-degree murder with a firearm following a jury trial. Mr. Robinson raises two issues on appeal. First, he argues that the trial court erred in denying his motion for judgment of acquittal. Second, he contends that the sentence imposed on him was illegal, and the State concedes error on this issue. We conclude that the trial court properly denied Mr. Robinson’s motion for judgment of acquittal, and we affirm his adjudication of guilt without comment. We also affirm the sentence imposed on him but write to explain our reasoning.
 

 A jury found Mr. Robinson guilty of the offense of second-degree murder with a firearm under section 782.04(2), Florida Statutes (2006). Second-degree murder is
 
 *922
 
 a first-degree felony punishable by imprisonment for a term of years not exceeding life or as provided in sections 775.082, 775.083, and 775.084, Florida Statutes (2006). However, because Mr. Robinson used a firearm, the offense is reclassified as a life felony. § 775.087(l)(a).
 

 The trial court sentenced Mr. Robinson to thirty years in prison followed by lifetime probation. Mr. Robinson argues that his sentence is illegal because the maximum sentence for a life felony is a term of imprisonment for life or a term of imprisonment not exceeding forty years.
 
 See
 
 § 775.082(3)(a)(2). Because his sentence was for a term of years, the additional sentence of probation for life would exceed the forty-year limit.
 
 See Routenberg v. State,
 
 721 So.2d 1187, 1187 (Fla. 2d DCA 1998);
 
 Walker v. State,
 
 660 So.2d 332, 333 (Fla. 2d DCA 1995);
 
 Stokes v. State,
 
 658 So.2d 1159, 1160 (Fla. 2d DCA 1995).
 

 But Mr. Robinson’s argument is incorrect. Because Mr. Robinson committed the offense after July 1, 1995, the applicable statute is section 775.082(3)(a)(3) — not section 775.082(3)(a)(2). Under subsection (3)(a)(3), the trial court could have sentenced him to “a term of imprisonment for life or by imprisonment for a term of years not exceeding life imprisonment.” Thus Mr. Robinson’s sentence of thirty years’ prison followed by probation for life does not violate the applicable sentencing statute and is therefore a legal sentence. Accordingly, we do not accept the State’s concession of error.
 

 Affirmed.
 

 KHOUZAM and CRENSHAW, JJ., concur.