MAKAR, J.,
concurring.
I concur in affirming the trial court, which denied a motion for mistrial in this DUI case in which the arresting officer testified he performed a Horizontal Gaze Nystagamus (HGN) test and the prosecutor’s comments in closing argument overstated the officer’s testimony. Both the arresting officer’s testimony and the prosecutor’s comments run afoul of this Court’s decision in Robinson v. State, 982 So.2d 1260, 1261-62 (Fla. 1st DCA 2008), which held that lay testimony on HGN testing is inadmissible because HGN test results are scientific evidence the predicates of which must be established. See also Castillo v. State, 955 So.2d 1252, 1253-54 (Fla. 1st DCA 2007) (reversing summary denial of a postconviction motion (adopting State v. Meador, 674 So.2d 826, 836 (Fla. 4th DCA 1996), which held HGN testing is scientific evidence for which there is danger of unfair prejudice and confusion to the jury if the test is admitted as lay observation of intoxication)).
The rub in this case is that counsel for Heather Leigh Harmon-Horton, the DUI defendant, objected to the prosecutor’s closing comments, but not the officer’s testimony. During the trial, the state’s only witness was the arresting officer, whose testimony established that Harmon-Horton was driving erratically and appeared incapacitated. Three times the trooper made passing references that he performed HGN testing on Harmon-Horton; but he provided no details about his observations or conclusions. Defense counsel did not object at this time (perhaps because no specifics were given by the officer). During the State’s closing arguments, however, the prosecutor injected facts not in evidence about the officer’s testimony, stating that Harmon-Horton “had fluttering in both eyes with no smooth pursuit, which is also an indicator that they use” in the HGN test. Trial counsel objected, seeking a mistrial based on the comments, which was denied.
On appeal, Harmon-Horton challenges the officer’s references to the HGN test (to which she did not object) as well as the prosecutor’s statement in closing argument (to which she did timely object). Had there been an objection to the officer’s testimony, the appellate standard of review would be the harmless error test. See Robinson, 982 So.2d at 1262 (noting that the “controlling ‘question is whether there is a reasonable possibility that the error affected the verdict.’ ”) (citing State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986)). A motion for mistrial based on prosecutorial comments, however, is reviewed for abuse of discretion. Salazar v. State, 991 So.2d 364, 371-72 (Fla.2008). Because defense counsel did not raise an independent objection to the officer’s testi *932 mony, the abuse of discretion standard applies to the denial of motion for mistrial in this case.
To be entitled to a new trial based on the prosecutor’s improper comment, Harmon-Horton was required to show that the comment deprived her of a fair and impartial trial, materially contributed to her conviction, was so harmful or fundamentally tainted as to require a new trial, or was so inflammatory that it might have influenced the jury to reach a more severe verdict than it would have otherwise. See Spencer v. State, 645 So.2d 377, 388 (Fla.1994); see also Hamilton v. State, 703 So.2d 1038, 1041 (Fla.1997) (“A mistrial is appropriate only where the error is so prejudicial as to vitiate the entire trial.”)
Here, the officer’s references to the HGN test are not at issue because no objection was made. Even so, they were not patently prejudicial because no specifics were given. It was akin to a State’s witness saying a blood alcohol test was performed, but not providing its results, leaving all to wonder. On the other hand, the prosecutor’s comment not only referenced that the officer performed the HGN test but also attempted to persuade the jury with details not in evidence (the defendant’s “fluttering” eyes). Had the officer testified to his actual observations over defendant’s objection, the prosecutor’s closing comments would fall within the type of error upon which we have previously reversed convictions. See Robinson supra. Affirmance is warranted under the abuse of discretion standard, however, because the trial court took steps to ameliorate the potential prejudice from the prosecutor’s statement by instructing the jury to look only to the evidence in reaching its verdict and that closing arguments are not evidence. See Sutton v. State, 718 So.2d 215, 216 n. 1 (Fla.1998) (the jury is presumed to follow its instructions absent evidence to the contrary). The limited nature of the improper HGN “evidence” in this case, as compared to cases where convictions were reversed on appeal, yields a qualitatively different situation and result. Other substantial evidence of intoxication was also presented, which strengthens the trial court’s determination that the trial overall was fair in spite of the improper commentary. Thus, I concur in the affir-mance.
WOLF and RAY, JJ., concur; MAKAR, J., concurs with Opinion.