DOHERTY, P.A., Associate Judge.
On July 11, 2010, Cynthia Underwood was driving her motorcycle when she collided with a sport utility vehicle driven by Katherine Strong. Mrs. Underwood and her husband, Stephen R. Underwood, sued Ms. Strong, alleging that Ms. Strong had negligently operated her vehicle, thereby causing the collision and severely injuring Mrs. Underwood. Mr. Underwood sought loss of consortium damages. The case proceeded to trial solely on the issue of liability. The jury found Ms. Strong fifty percent at fault. She raises several issues on appeal, one of which is dispositive. We agree with Ms. Strong that the trial court erred in refusing to admit a medical record containing a statement made by Mrs. Underwood to her treating physician concerning how the accident occurred. We reverse for a new trial on liability.
At trial, the parties vigorously contested liability, with each asserting the other caused the accident by crossing the road's center line. In support of her position, Ms. Strong sought to admit a medical record from one of Mrs. Underwood's treating physicians, Dr. Michael Cheatham. During a pretrial deposition, Dr. Cheatham testified that according to his medical record, he examined Mrs. Underwood the day after the accident. At that time, he recorded the following entry in the medical record:
*763 Ms. Underwood is a 44-year-old white female who was the helmeted rider of a motorcycle that was involved in a crash yesterday. She states that one of the tires on her motorcycle blew, and she collided head-on with the SUV at an unknown rate of speed.
Dr. Cheatham had no independent recollection of Mrs. Underwood or his conversation with her. He agreed the statement could have been made directly to him or one of several other doctors and that it was "more likely than not" that Mrs. Underwood made the statement to a member of the trauma team. In any event, Dr. Cheatham testified that he would not normally write " 'she states' unless a patient ... verbalize[d] [the statement] to" him. The trial court excluded the statement as inadmissible hearsay, finding the source of the statement was unknown. As a result, Dr. Cheatham did not testify at trial and neither the statement nor the medical record was introduced at trial.
This Court reviews a trial court's decision on the admissibility of testimony under an abuse of discretion standard. Dorsey v. Reddy , 931 So. 2d 259, 266 (Fla. 5th DCA 2006). That discretion, however, is limited by the rules of evidence. Bank of N.Y. Mellon v. Johnson , 185 So. 3d 594, 597 (Fla. 5th DCA 2016). Furthermore, "the question of whether evidence falls within the statutory definition of hearsay is a matter of law, subject to de novo review." Deutsche Bank Nat'l Tr. Co. v. Alaqua Prop. , 190 So. 3d 662, 664 (Fla. 5th DCA 2016) (quoting Burkey v. State , 922 So. 2d 1033, 1035 (Fla. 4th DCA 2006) ).
Ms. Strong argues that Mrs. Underwood's statement should have been admissible as the admission of a party-opponent contained in a business record. She further argues the source of the statement was known because the medical record indicates the statement came from Mrs. Underwood. We agree.
The following hearsay exceptions to the Florida Evidence Code apply:
90.803 Hearsay exceptions; availability of declarant immaterial.- The provisions of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
....
(6) RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY.-
(a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness ....
....
(18) ADMISSIONS.-A statement that is offered against a party and is:
(a) The party's own statement in either an individual or a representative capacity[.]
§ 90.803(6)(a), (18)(a), Fla. Stat. (2016).
Medical records are admissible under the business records exception. Love v. Garcia , 634 So. 2d 158, 159-60 (Fla. 1994). Therefore, Dr. Cheatham's medical record was admissible. Whether Mrs. Underwood's hearsay statement contained within the medical record was admissible is a separate matter. A patient's statements contained within medical records are admissible, provided the statements themselves fall under a separate *764 hearsay exception. See, e.g. , Otis Elevator Co. v. Youngerman , 636 So. 2d 166, 167 (Fla. 4th DCA 1994) (holding plaintiff's statements in medical record admissible as statements made for purposes of medical diagnosis and treatment); Wilkinson v. Grover , 181 So. 2d 591, 593-94 (Fla. 3d DCA 1965) (holding statement in medical record admissible as admission by party-opponent). The statement at issue here indicated the accident occurred after one of the tires on Mrs. Underwood's motorcycle blew, causing her to collide with Ms. Strong's vehicle. Ms. Strong sought to use this statement against Mrs. Underwood at trial. Accordingly, as it was Mrs. Underwood's statement and offered against her, it falls within the hearsay exception set forth at section 90.803(18)(a), Florida Statutes.
Although the statement was an admission by a party-opponent and contained within a medical record, the trial court found the statement inadmissible because it believed the source of the statement was unknown. In making this finding, the trial court primarily relied on Andreaus v. Impact Pest Management, Inc. , 157 So. 3d 442, 444-45 (Fla. 2d DCA 2015). The court's reliance on Andreaus is misplaced.
In Andreaus , the plaintiff's medical records contained a statement that she slipped and fell on a puddle of water, rather than on pesticide, as she later claimed in her complaint. 157 So. 3d at 443. Importantly, and unlike the instant case, there was no evidence in the record that the plaintiff had made the statement contained in the medical records, the plaintiff denied making the statement, and there was no witness who could testify about who made the statement. Id. The Second District held the statement was inadmissible hearsay because the source of the statement was unknown. Id. at 445. Unlike the situation in Andreaus , here, the medical record itself states the source of the statement was Mrs. Underwood: "Mrs. Underwood is a 44-year-old white female who was the helmeted rider of a motorcycle that was involved in a crash yesterday. She states that one of the tires on her motorcycle blew ...." (Emphasis added). Further, Dr. Cheatham testified he dictated and signed the medical report after examining Mrs. Underwood and would not normally write " 'she states' unless a patient ... verbalizes [the statement] to" him. As such, there is evidence Mrs. Underwood made the statement.
We reject the Underwoods' argument that the statement was not admissible because it may have been transmitted through another member of the hospital staff to Dr. Cheatham, creating a double hearsay problem. "[A] statement is not rendered inadmissible merely because it passed through two declarants." Johnson v. State , 969 So. 2d 938, 949 (Fla. 2007). Rather, the statement will be admissible as long as each level of hearsay is covered by an exception. Gosciminski v. State , 994 So. 2d 1018, 1026 (Fla. 2008). Here, irrespective of which trauma team employee actually took Mrs. Underwood's statement, the conveyance of the statement to Dr. Cheatham would have occurred between two employees of the same company in the course of business. Dr. Cheatham would then have prepared the report "from information transmitted by[ ] a person with knowledge" of the statement. See § 90.803(6), Fla. Stat. (2016). As such, even if the statement was not made directly to Dr. Cheatham, each layer of hearsay is covered by the business records exception.
We also reject the Underwoods' arguments that the statement is unsupported by corroborating evidence, untrustworthy, *765 and unfairly prejudicial. The lack of corroborating evidence that the accident was caused by a tire blowout goes to the weight of the statement, not its admissibility. See, e.g. , Gore v. State , 599 So. 2d 978, 983 (Fla. 1992) (noting that although defendant's admission seemed to conflict with other evidence, this was matter "to be considered by the jury in evaluating the weight," not admissibility of testimony). Additionally, there is no requirement that a party admission be trustworthy to be admissible. See Ring Power Corp. v. Condado-Perez , 219 So. 3d 1028, 1034 (Fla. 2d DCA 2017) (citing Metro. Dade Cty. v. Yearby , 580 So. 2d 186, 188 (Fla. 3d DCA 1991) ). Furthermore, medical records are considered inherently trustworthy unless their trustworthiness is challenged. Phillips v. Ficarra , 618 So. 2d 312, 313 (Fla. 4th DCA 1993). The Underwoods have not demonstrated the medical record is untrustworthy.[1] The statement is likewise not unfairly prejudicial. Its high probative value as a contradiction of Mrs. Underwood's subsequent version of the accident is not substantially outweighed by the danger of unfair prejudice. See § 90.403, Fla. Stat. (2016) ("Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice ....").
Having concluded the trial court erred in excluding the statement, we must determine whether the error was harmless. Error below will be deemed harmless if the beneficiary of the error can prove "that there is no reasonable possibility that the error contributed to the verdict." See Special v. W. Boca Med. Ctr. , 160 So. 3d 1251, 1256 (Fla. 2014) (citing State v. DiGuilio , 491 So. 2d 1129, 1135, 1139 (Fla. 1986) ). The error in excluding the statement in this case was not harmless.
As noted, liability was vigorously contested at trial, with each party claiming the other crossed the center line. Witness credibility was crucial. Had Mrs. Underwood's medical record statement been introduced, it would have called into question her trial version of the accident that Ms. Strong's vehicle crossed the road's center line, whereas she never left her lane. Accordingly, the statement goes to the heart of the controversy and the Underwoods cannot demonstrate there is no reasonable possibility the error contributed to the verdict. Had the jury heard this statement, it likely would have affected Mrs. Underwood's credibility and the credibility of her version of the accident. The exclusion of the statement, therefore, constitutes reversible error. See Ring Power Corp. , 219 So. 3d at 1032-35 (holding that failure to admit statement made by plaintiff contained in medical records was reversible error because statement directly contradicted plaintiff's version of accident).
The medical record and Mrs. Underwood's statement fall within hearsay exceptions. There is no evidence the medical record is untrustworthy. The statement is not unfairly prejudicial, and exclusion of the statement was not harmless, given the hotly contested issue of liability. Accordingly, the trial court erred in excluding Mrs. Underwood's statement in the medical record and Ms. Strong is entitled to a *766 new trial on liability.[2]
REVERSED and REMANDED.
BERGER and GROSSHANS, JJ., concur.

The Underwoods cite Castillo v. State , 955 So. 2d 1252, 1254 (Fla. 1st DCA 2007), for the proposition that medical records should be excluded when they are not trustworthy. But in Castillo , the medical record was not trustworthy because it was created by a nurse who was not qualified to complete the record. 955 So. 2d at 1254. There is no evidence here that Dr. Cheatham was unqualified to complete the record.

Ms. Strong also challenges the trial court's granting of a motion in limine that excluded the investigating officer from testifying about statements made by two witnesses. In granting the motion, the trial court precluded the officer from testifying about the witnesses' statements in the context of the officer's accident investigation and his opinion about the cause of the accident. We find no error in the trial court's ruling limiting the officer's investigation testimony in this context. We note, however, that the trial court did not, and was not requested to, address use of the witnesses' statements as rebuttal or impeachment evidence, which may have been permissible pursuant to existing case law. See Stewart v. Draleaus , 226 So. 3d 990 (Fla. 4th DCA 2017) (holding that Florida's Accident Report Privilege, section 316.066(4), Florida Statutes (2016), does not prohibit impeachment of witnesses to accident using their prior inconsistent statements); see also Sottilaro v. Figueroa , 86 So. 3d 505 (Fla. 2d DCA 2012) (same).