NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL
OF FLORIDA
SECOND DISTRICT


RICHARD WILLIAMS,                    )
                                     )
          Appellant,                 )
                                     )
v.                                   )          Case No. 2D17-3959
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
_____)

Opinion filed November 6, 2019.

Appeal from the Circuit Court for Manatee
County; Susan B. Maulucci, Judge.

J. Jervis Wise of Brunvand Wise, P.A.,
Clearwater, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Michael Schaub,
Assistant Attorney General, Tampa, for
Appellee.


SMITH, Judge.

          Richard Williams appeals a judgment and life sentence after he was found

guilty by a jury of second-degree murder.  Because the trial court committed

fundamental error by misclassifying Williams' second-degree murder conviction as a life

felony instead of a first-degree felony, we reverse and remand for resentencing with instructions. We affirm without comment the remaining issues raised by Williams.

"Second-degree murder is a first-degree felony punishable by imprisonment for a term of years not exceeding life or as provided in sections 775.082, 775.083, and 775.084, Florida Statutes (2006)." Robinson v. State, 37 So. 3d 921, 921-22 (Fla. 2d DCA 2010); see also Harris v. State, 674 So. 2d 110, 113 (Fla. 1996). The penalty for a first-degree felony is governed by section 775.082(3)(b)(1), Florida Statutes (2015), which provides that a person who commits a first-degree felony may be sentenced to "a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment."

The error here began during sentencing when the trial court was first misdirected by the State's representation[1] that Williams' conviction was a life felony and that the State had looked at the issue the day before. It was after this representation by the State that Williams' attorney directed the court to section 775.082(3)(a)(2), dealing with a life felony. The sentencing court indicated it may have imposed a sentence less than life imprisonment if it had the benefit of greater discretion in choosing the appropriate sentence, but that it was constrained by section 775.082(3)(a)(2), to impose either a bottom of the guidelines sentence of forty years or life imprisonment. Having relied upon and provided the sentencing court with the incorrect statute, Williams now argues fundamental error, to which the State contends the defense invited the error.

---

[1]There is nothing in the record to indicate that this representation was anything other than a mistake.

- 2 -

The facts here do not establish Williams' defense counsel invited the error, especially where the State set the error in motion. See, e.g. Goodwin v. State, 751 So. 2d 537, 544 n. 8 (Fla. 1999) (holding the invited error doctrine prohibits a party from inviting an error at trial and then taking advantage of error on appeal). Both counsel for the State and Williams were mistaken that the degree at issue was a life felony, as opposed to a first-degree felony, and thus the invited error doctrine has no application. See Goldwire v. State, 73 So. 3d 844, 846 (Fla. 4th DCA 2011). The sentencing court indeed had the discretion to sentence Williams to a term of imprisonment not to exceed thirty years under the correct statute — section 775.082(3)(b)(1). Given that the sentencing court indicated it would have otherwise exercised discretion, but for the lack of any discretion imposed by the life felony statute section 775.082(3)(a)(2), reversal is warranted for resentencing. See Williams v. State, 249 So. 3d 721, 723 (Fla. 5th DCA 2018) (reversing sentence where trial court mistakenly believed it had no discretion in sentencing defendant as a violent career criminal).

Accordingly, we find the sentencing court committed fundamental error. See Maddox v. State, 760 So. 2d 89, 99-100 (Fla. 2000) (holding fundamental error occurs in sentencing when "the interests of justice will not be served if the error remains uncorrected"); Lewellen v. State, 682 So. 2d 186, 188 (Fla. 2d DCA 1996) (finding fundamental error where trial court elevated the degree of the petit theft conviction without regard to any prior conviction, misclassifying the offense as first-degree, as opposed to a second-degree misdemeanor). Upon resentencing, we instruct the sentencing court to refrain from considering improper factors, including without

limitation, assertions of innocence and refusal to admit guilt, truthfulness of testimony, or lack of remorse.  See Williams v. State, 164 So. 3d 739, 740-41 (Fla. 2d DCA 2015).

Reversed and remanded for resentencing before a different judge, with instructions; affirmed in all other respects without comment.


NORTHCUTT and KELLY, JJ., concur.