HOBSON, Judge.
Appellants appeal a final judgment based on a jury verdict in which appellees recovered damages against appellants resulting from a collision one-half hour before sunrise between appellees’ automobile and defendant’s train.
The trial court allowed the introduction into evidence of Florida Statute § 357.08, F.S.A., which by its terms requires a train which is engaging in a switching operation at a time and place such as involved in the instant case to place lighted fusees or other visual warning devices in both directions from the train. It was conceded by the appellants that there were no fusees or other visual warning devices placed at the intersection where the present accident occurred.
Appellants contend that the statute is wholly inapplicable and that it was reversible error to allow the introduction of the statute into evidence. It is the position of appellants that there is no direct evidence to prove that the train was in the process of a switching operation. Appellees contend that the conductor of the train made an admission against interest to the investigating officer shortly after the collision to the effect that they were engaged in a switching operation.
In the appellees’ case in chief, an investigating officer, Jerry D. Feltman, testified that Ralph Gibson, the conductor on the train, told him that the train was switching at the time, that he asked Gibson if they were in the process of a switching operation and he said, “Yes” that “they were.” On cross examination Officer Feltman was asked whether or not Gibson told him that the switching was there at that crossing, to which Officer Feltman answered “No, sir. I just asked him if he was in the process of a switching operation.” The conductor, Gibson, took the stand and categorically denied telling Officer Feltman that the train was in a switching operation. Several other of the railroad crew members testified that the train was on a straight run and not in a switching operation.
It is well settled that an admission against interest may be introduced into evidence as substantive evidence of the truth of the matter stated. This is so even though the person making the admission against interest subsequently denies making such admission. Therefore, the trial court was eminently correct in admitting into evidence the testimony of Officer Feltman as to the admission against interest made by the conductor, Mr. Gibson. It then became an issue for the jury to decide as to whether or not the train was actually in a switching operation which would require the railroad to conform with the mandates of Florida Statute § 357.08, F.S. A.
The appellants also contend that the appellee driver was guilty of contributory negligence as a matter of law. Upon a review of the record on appeal this issue was properly submitted to the jury.
The appellants’ other point on appeal has been carefully considered and found to be without merit.
For the foregoing reasons the judgment appealed is affirmed.
Affirmed.
*453 PIERCE, C. J., concurs.
MANN, J., dissents with opinion.