GRIMES, Judge.
The plaintiff below (McKay) brought this suit alleging he had been bitten by a dog owned by Mr. and Mrs. Perry while he was lawfully on their premises. McKay suffered a directed verdict at the close of his case by reason of having failed to prove that the Perrys owned the dog which had bit him. The plaintiff appeals from the final judgment entered upon the directed verdict.
Prior to his canine encounter, McKay had called Mrs. Perry to inquire of the possibility of buying the Perrys’ boat. Mrs. Perry told McKay where the boat could be seen. McKay drove to that address and got out to look at the boat. While there, he was attacked by a brown and white pointer which bit him on the leg.
In the pleadings and at the pre-trial conference, the Perrys’ ownership of the dog was denied. At the trial, McKay called as a witness, Ken Mulder, who was a friend of both McKay and the Perrys. McKay tried to adduce testimony from Mulder concerning a telephone conversation which Mulder was said to have had with Perry subsequent to McKay’s injury. The trial judge sustained an objection to this testimony, but he permitted McKay to make a proffer out of the presence of the jury. The court rejected the proffer and refused to permit the jury to hear Mulder’s testimony.
The sole point on appeal is whether the court erred in refusing to allow Mulder to testify of his telephone conversation with Perry. In this appeal, McKay asserts that Mulder would have testified that in the course of this conversation Perry told him that he owned a brown and white pointer. Such testimony, if admitted, would have probably gotten McKay past a directed verdict since he had already testified that he was bitten by a brown and white pointer while on the Perrys’ premises.
If Perry told Mulder that he owned a brown and white pointer, this would have constituted an admission which would be admissible as an exception to the hearsay rule. City of Miami v. Fletcher, Fla.App. 1964, 167 So.2d 638. Moreover, an admission may be introduced as substantive evidence of the truth of the matter stated. Seaboard Coast Line Railroad Co. v. Nieuwendaal, Fla.App.1971, 253 So.2d 451. The only problem is that McKay’s proffer of what Mulder would testify was not clear. The court conducted the bulk of the questioning during the proffer, and McKay’s attorney never did spell out exactly what he was driving at. However, having con *264 sidered the totality of what transpired with respect to this point, we believe that a sufficient showing was made to have entitled McKay to introduce the testimony of Mulder with respect to what Perry had told him on the telephone. Since there was no other testimony in the record concerning the ownership of the dog, this constituted. error which was prejudicial to McKay.
The judgment is hereby reversed, and the case is remanded for a new trial.
HOBSON, Acting C. J., and Mc-NULTY, J., concur.