720 So.2d 1145 (1998)
Winifred KELLY, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE, etc., et al., Appellees.
No. 97-2992.
District Court of Appeal of Florida, Fifth District.
November 13, 1998.
*1146 Eric H. Faddis of Faddis, Oldham & Smith, P.A., Orlando, and Terrence E. Kehoe of Law Offices of Terrence E. Kehoe, Orlando, for Appellant.
Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, and Jane Clark of Kane, Williams, Singer & Planck, Orlando, for Appellee State Farm Mutual Automobile Insurance.
PETERSON, Judge.
Winifred Kelly appeals the denial of her motion for a new trial arguing that the trial court incorrectly excluded certain of her medical records and limited her cross-examination of an expert witness. She also argues that she is entitled to a new trial because of erroneous and prejudicial comments made by State Farm Mutual Auto Insurance (State Farm) during closing argument. We agree as to the evidentiary issues and remand for a new trial.

ADMISSION OF MEDICAL REPORTS
During Kelly's case-in-chief, she attempted to introduce certain of her medical records through her own expert witnesses because her experts relied on such medical records in forming their opinion. Normally an expert witness may not be used as a conduit to place otherwise inadmissable evidence before a jury. See Dept. of Corrections, State of Fla. v. Williams, 549 So.2d 1071 (Fla. 5th DCA 1989); Riggins v. Mariner Boat Works, Inc., 545 So.2d 430 (Fla. 2d DCA 1989); Smithson v. V.M.S. Realty, Inc., 536 So.2d 260 (Fla. 3d DCA 1988); 3-M Corp.-McGhan Medical Reports Div. v. Brown, 475 So.2d 994 (Fla. 1st DCA 1985); see also Ehrhardt, Florida Evidence § 704.1 at 569 (1998 Edition). However, in the instant case, Kelly's pre-trial preparations enabled the evidence in question to be admitted under the business records exception. The joint pre-trial statement executed by both sides to this litigation provided that "[n]o records custodians are necessary" and the exhibit list included "any/all medical records" and "any/all ... reports ... relied upon by any expert witness in order to formulate his or her prognosis and/or opinion." Since the parties stipulated to the dispensation of records custodians and adopted such a broad description of admissible documentation in their pre-trial memorandum, we find the physicians' reports should not have been excluded. See Heckford v. Fla. Dept. of Corrections, 699 So.2d 247 (Fla. 1st DCA 1997) (where parties agree that testimony of records custodian is not necessary, medical records may be introduced into evidence under business record's exception to hearsay rule), rev. denied, 707 So.2d 1124 (Fla.1998); Phillips v. Ficarra, 618 So.2d 312 (Fla. 4th DCA 1993) (physicians records admissible as business *1147 records when parties had stipulated that a records custodian was not necessary).

CROSS EXAMINATION OF AN EXPERT WITNESS
During State Farm's defense, the testimony of an orthopedic surgeon who performed an independent medical examination of Kelly was presented. State Farm elicited testimony that the surgeon could not find any purely objective evidence to suggest any permanent impairment. The surgeon further testified that his opinion was partially based upon his review of Kelly's medical records compiled by other physicians. When Kelly attempted to cross-examine the surgeon about the evaluations of the other physicians upon which the surgeon relied, the trial court sustained State Farm's objection that the evaluations by the other physicians were hearsay and Kelly was prevented from inquiring into the foundation of the surgeons' opinion. This was error.
When the surgeon testified on direct that he had based his opinion on the medical reports of other physicians, this opened the door for cross-examination by Kelly and it would have been proper for Kelly to then make full inquiry into the medical reports relied upon by the surgeon. See Carroll v. State, 636 So.2d 1316, 1318-1319 (Fla.1994) (state was entitled to cross-examine defense's psychiatrist as to those portions of records which psychiatrist admitted were inconsistent with his diagnosis that defendant was insane at time crime was committed by reason of alcoholic blackout), cert. denied, 513 U.S. 973, 115 S.Ct. 447, 130 L.Ed.2d 357 (1994); Jones v. State, 612 So.2d 1370, 1374 (Fla.1992) (the defense expert's reliance on defendant's "background" in diagnosing defendant as having a borderline personality disorder, opened the door for cross-examination by the state into the specifics of defendant's background), cert. denied, 510 U.S. 836, 114 S.Ct. 112, 126 L.Ed.2d 78 (1993); Parker v. State, 476 So.2d 134, 139 (Fla. 1985) (defense expert's testimony that he based his opinion of the defendant's non-violent nature on the defendant's past personal and social developmental history, including his prior criminal history, opened the door for cross-examination by the state into the defendant's prior criminal history).

COMMENTS DURING CLOSING ARGUMENT
Kelly also complains about several erroneous and prejudicial comments made during State Farm's closing arguments. Although some of those comments were indeed improper, no contemporaneous objections were made, and we do not find the comments as a whole constitute fundamental error. See Simmons v. Swinton, 715 So.2d 370 (Fla. 5th DCA 1998).
We conclude that the admission of Kelly's medical records was critical and that the improper limitation on the cross-examination of the expert witness also prejudiced her case. We reverse the denial of the motion for a new trial and remand for further proceedings.
REVERSED; REMANDED.
GOSHORN and ANTOON, JJ., concur.