754 So.2d 840 (2000)
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Appellant,
v.
Kay D. BLACKMON, as Personal Representative of the Estate of Richard Blackmon, Appellee.
No. 1D98-3526.
District Court of Appeal of Florida, First District.
April 7, 2000.
*841 Sylvia H. Walbolt and Robert E. Biasotti of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg, for Appellant.
Louis K. Rosenbloum, Pensacola and Rainey C. Booth of Levin, Middlebrooks, Thomas, Mitchell, Green, Echsner, Proctor & Papantonio, P.A., Pensacola, for Appellee.

CORRECTED OPINION
VAN NORTWICK, J.
Appellant National Union Fire Insurance Company of Pittsburgh (National) appeals a final judgment rendered in the favor of appellee, Kay D. Blackmon, as personal representative of the estate of Richard Blackmon. Appellant contends that the trial court erred by admitting inadmissible hearsay testimony and documents into evidence, by failing to set off workers' compensation payments due and payable to appellee Blackmon, and by granting appellee's motion for additur when the jury had specifically not made an award. Because we agree that the trial *842 court erred by failing to set off the present value of all the workers' compensation benefits due and payable to appellee against the amount awarded to the appellee by the jury, we reverse in part. On all other issues, we affirm.
Richard Blackmon was driving a truck for his employer when he collided with a vehicle driven by Kenneth Jon Faass (Faass). Mr. Blackmon died several days later as a result of his injuries. Faass did not have liability insurance and Kay D. Blackmon, the deceased's wife, filed suit against National, the uninsured motorist carrier of decedent's employer. The jury found Faass negligent and totally at fault in the accident. The jury awarded appellee $525,800 for loss of support and services and $418,500 for pain and suffering damages. The jury awarded $20,000 in damages to the deceased's grandson, who was living with the Blackmons at the time of Mr. Blackmon's death, and zero damages to Richard Blackmon, the Blackmon's 23 year old son.
Pursuant to section 440.16(1)(b), Florida Statutes (1995), appellee is entitled to $100,000 in workers' compensation, the maximum death award. Approximately $27,000 of such award had been paid to appellee at the time of the trial, and the trial court set off the portion of the workers' compensation award that had already been paid, reducing the jury award by that amount. Appellant objected, contending that the trial court erred in failing to set off the remaining approximately $73,000 under section 627.727(1), Florida Statutes (1995), which provides, in pertinent part, that motor vehicle liability coverage "shall be over and above, but shall not duplicate, the benefits available to an insured under the workers' compensation law, personal injury protection benefits, disability benefits law, or similar law...."
We recently emphasized that the legislature intended to avoid duplication of benefits when there are collateral sources in motor vehicle accident cases and, to avoid such duplication, a trial court must reduce a damage award by an amount "which encompasses benefits relating to future damages, ... pursuant to section 768.76(1), Fla. Stat. (1997)." King v. Burch, 724 So.2d 1237, 1238 (Fla. 1st DCA 1999). In a subsequent decision, the Supreme Court held that a "verdict must be reduced by the amount of the remaining [collateral] benefits." Rollins v. Pizzarelli, 24 Fla. L. Weekly S69, S70, ___ So.2d ___, ___, 2000 WL 551032 (Fla.2000). In light of these two holdings, which the trial court did not have available to it, and the statutory mandate from the legislature requiring no duplication of benefits, we find that the trial court erred in reducing the verdict award only by the amount of workers' compensation award that had been received by appellee at the time of trial. The verdict should be reduced by the present value of the workers' compensation award that remains due and payable at the time of the verdict.
At trial, several hearsay statements were admitted over appellant's timely objection. Karen Burnett, supervisor of the paramedic team that responded to the accident, had prepared a report of the incident which was introduced into evidence. The report contains a notation that Faass told the paramedic attending him, emergency medical technician (EMT) Baker, that he pulled his vehicle "in front of the [decedent's] truck and both vehicles flipped over." Appellee successfully argued at trial that, as part of a medical record, the statement by Faass qualified for the hearsay exception as a record of a regularly conducted business activity. See § 90.803(6), Fla. Stat. (1995). At trial, Faass denied making the statement in question and EMT Baker, who allegedly reported Faass' statement to his supervisor Burnett, testified that he did not remember the alleged conversation.
Although the trustworthiness of medical recordsincluding EMT recordsis presumed, therefore qualifying those records for the hearsay exception, "[s]uch trustworthiness *843 is based on [a specific test or technique's] general acceptance in the medical field." Love v. Garcia, 634 So.2d 158, 160 (Fla.1994). The question allegedly posed to Faass at the accident scene was a generic inquiry about what happened and Faass allegedly answered that he had cut in front of the other vehicle; the question posed to Faass was simply to determine if he was lucid, it had nothing to do with his diagnosis or treatment. Since the content of Faass' statement had nothing to do with his diagnosis or treatment, it is therefore not admissible under the medical record exception. See Reyes v. State, 580 So.2d 309, 310, n. 1 (Fla. 3rd DCA 1991); Brown v. Seaboard Airline R.R. Co., 434 F.2d 1101, 1103-1104 (5th Cir.1970).
Although it was error to admit Faass' statement from the EMT records, we must determine whether the error was harmless under section 59.041, Florida Statutes (1995). Section 59.041 provides, in pertinent part, that
[n]o judgment shall be set aside or reversed, or new trial granted by any court of this state in any cause, civil or criminal, on the grounds of ... improper admission or rejection of evidence ... unless ... after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice.
Thus, "[w]hen examining an evidentiary ruling under section 59.041, we are required to look at the entire record." Medina v. Peralta, 724 So.2d 1188, 1189-90 (Fla.1999). Further, the test for harmful error in a civil case is "whether, but for such error, a different result may have been reached." Katos v. Cushing, 601 So.2d 612, 613 (Fla. 3d DCA 1992); see also White Constr. Co. v. Dupont, 455 So.2d 1026, 1029 (Fla.1984); Stecher v. Pomeroy, 244 So.2d 488 (Fla. 4th DCA), writ discharged, 253 So.2d 421 (Fla.1971); compare State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986)(in criminal proceedings "[t]he harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.").
In examining the instant record, we conclude that Faass' statement was cumulative, see White Constr., 455 So.2d at 1029, and that its admission had minimal impact on the jury. Both Faass and Baker testified that they did not remember Faass making the statement in question, thus weakening the credibility of the recorded statement significantly. Testimony by an insurance investigator who was in the same stream of traffic as Faass and Blackmon provided an eye-witness account of the event and placed blame for the crash on Faass. In addition, expert forensic testimony made Faass' in-court account of the events implausible. In light of that testimony, Faass' statement from the EMT record was insignificant.
Given the other evidence of Faass' liability that was presented to the jury, there is no reasonable possibility that the error committed by admitting the EMT record contributed to the jury's verdict. After analyzing the evidence presented, with particular attention to the inadmissible hearsay from the EMT record, we determine that the trial court's error in admitting this evidence was harmless.
National also objected to the admission of two statements made by decedent while he was in the emergency room waiting to go to surgery, contending that, because these statements were made approximately an hour after the accident, they did not qualify as excited utterances. We find that the record supports a finding that decedent was "still experiencing the trauma of the events," see Henyard v. State, 689 So.2d 239, 251 (Fla.1996), and the trial court was within its discretion in admitting these statements under the excited utterance exception to the hearsay *844 rule as stated in section 90.803(2) Florida Statutes (1995).
National also contends that the trial court erred in awarding an additur of $5,000 to go to decedent's son when the jury had not recommended any award to him. It is the responsibility of the trial court, upon proper motion, to review the amount of any award of money damages and, if, in the court's discretion, the court finds the award inadequate, it shall order an additur. § 768.74(1) Fla. Stat. (1995). Blackmon made a proper motion for additur and the trial court was within its discretion when it granted the plaintiff's motion.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
JOANOS AND LAWRENCE, JJ., CONCUR.