DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHANTEL KIMBERLY EMMITT,**
Appellant,

v.

**FIRST TRANSIT, INC.,** d/b/a **TROLLEY 606,**
Appellee.

No. 4D19-721

[July 22, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michele Towbin Singer, Judge; L.T. Case No. CACE17-000534 (25).

Douglas F. Eaton of Eaton & Wolk, PL, Miami, for appellant.

Alexandra Valdes of Cole, Scott & Kissane, P.A., Miami, for appellee.

CONNER, J.

Shantel Kimberly Emmitt ("the plaintiff") appeals the order granting a new trial to First Transit, Inc., d/b/a Trolley 606, ("the defendant") after the jury returned a verdict favorable to her in the underlying negligence action. The issue we address is whether the trial court erred in granting a new trial after concluding it improperly denied admission of a medical record containing a statement attributed to the plaintiff indicating what caused her to fall. The statement in the medical record differed from the plaintiff's trial testimony. Because the defendant did not establish the admissibility of the medical record at trial after an objection was lodged, we conclude the trial court did not err in its evidentiary ruling. Without an error in excluding the evidence, the grounds for a new trial were not established. Thus, we reverse the order for new trial and remand for the trial court to reinstate the jury verdict.

*Background*

The plaintiff sued the defendant for negligence. Prior to filing suit, the plaintiff maintained she fell from the defendant's trolley because the trolley "jolted" as she was exiting it. During the presuit investigation, the

defendant's attorney provided the plaintiff's counsel with a surveillance video from the trolley showing that the trolley had completely stopped before she stepped off. In her initial complaint, the plaintiff alleged she fell because the defendant failed to properly clean, maintain, and inspect the steps. As a result of a motion for summary judgment filed by the defendant, the plaintiff amended her complaint to allege that she needed assistance getting off the trolley because she was pregnant and carrying her one-year old son, diaper bag, and stroller at the time. She further alleged that the defendant, as a common carrier, owed the highest degree of care and vigilance to its passengers for their safety and that it breached its duty in failing to render assistance to the plaintiff in descending the steps and failing to warn her that the steps were steep.

The matter proceeded to a jury trial, where the liability and damages phases of the trial were bifurcated at the request of the defendant. The parties agreed in a joint pretrial stipulation that the plaintiff "fell while attempting to exit the rear doorway" of the trolley.

At the start of trial, the plaintiff's counsel moved in limine to prohibit the defendant from using the plaintiff's medical records to impeach the plaintiff about what caused her to fall. The plaintiff argued that the medical records were inadmissible in the liability phase because the trial was bifurcated. The trial court rejected the plaintiff's bifurcation argument after the defendant's counsel explained that the portion of the medical record he wanted to use was the entry: "Patient states as she was stepping off, the driver jerked the trolley causing her to fall." The defendant maintained the hearsay statement was admissible under section 90.803(4), Florida Statutes, as a statement for purposes of medical diagnosis or treatment. The plaintiff's counsel disagreed, and the trial court observed that the medical record alone would not be enough to lay the proper foundation without the doctor testifying that the statement was made for the purpose of diagnosis. Then, the following exchange occurred:

> THE COURT: Look, I'm not saying that you can't ask her. And you know, it's allegedly an inconsistent statement and you can bring it out as an inconsistent statement, but in terms of admitting it into evidence –
>
> [DEFENSE COUNSEL]: Okay.
>
> THE COURT: — as an exception to hearsay, that's different. I have already made my ruling unless you can give me some case law to change my mind.

2

> [DEFENSE COUNSEL]:  I will ask her, but I will not seek to admit this into evidence at this point.

The plaintiff's counsel called the trolley driver as a witness before the plaintiff testified.  During redirect examination, the driver testified that he put the trolley in park before the plaintiff exited.  The plaintiff's counsel then asked: "And any time you put the vehicle in brake, it will move right?"  The driver answered: "No.  It doesn't move."

After the trolley driver's testimony, the jury was released for lunch.  At that time, the plaintiff's counsel announced it had some additional law on the issue of the medical record.  During that discussion, the defendant asserted that it interpreted the plaintiff's questions of the trolley driver on redirect as alluding to whether the trolley jolted.  the defendant expressed concern because it thought there was a stipulation that there was no evidence that the plaintiff fell because the trolley jolted.  The plaintiff's counsel immediately agreed to such a stipulation.  The defendant requested that the stipulation be announced to the jury.  When the jury returned, the trial court announced "[t]here's a stipulation that was agreed to by both sides, so I am going to read it to you.  There is no allegation or evidence that a jolt caused the Plaintiff to fall."

The plaintiff testified about how she fell, consistent with the allegations in her amended complaint.  When the plaintiff was cross-examined, the defendant did not discuss any prior statement that she fell as a result of a jolt.  Instead, the defendant brought up the version of the events described in the initial complaint she filed, alleging she fell because the defendant did not properly clean, maintain, and inspect the steps on the trolley.

After the jury rendered its verdict finding the defendant 80% negligent and the plaintiff 20% negligent, the defendant moved for entry of judgment in accordance with its motion for directed verdict, or in the alternative, a motion for new trial.  Among its arguments, the defendant asserted the trial court erred by refusing to allow it to introduce the medical record showing the plaintiff had previously stated she fell because the trolley jolted.  The defendant argued it should have been allowed to show that the plaintiff gave multiple versions as to how she fell.  The plaintiff filed a response to the motion.  After hearing the motion, the trial court ordered supplemental memoranda of law.  In its supplemental memorandum, the defendant argued for the first time that the trial court erred by not admitting the plaintiff's statement in the medical record as an admission by a party, citing section 90.803(18), Florida Statutes, and *Ring Power Corp. v. Condado-Perez,* 219 So. 3d 1028 (Fla. 2d DCA 2017).

3

The trial court entered its order granting the defendant's motion for new trial. Citing *Ring*, the trial court reasoned that the defendant's inability to establish at trial that the plaintiff's statement was admissible hearsay for the purposes of medical diagnosis or treatment or under the business record exception did not preclude the admissibility of the statement as an admission of a party. As such, the trial court found that the defendant was entitled to a new trial pursuant to section 90.104, Florida Statutes, due to the "exclusion" of the plaintiff's statement. The trial court determined that the exclusion was "substantially prejudicial" to the defendant where the plaintiff's statement that the driver jerked the trolley causing her to fall belied the allegations of her complaint and her trial testimony, and directly impacted the issue of causation.

The plaintiff gave notice of appeal.

*Appellate Analysis*

An abuse of discretion standard is generally used to review an order granting a motion for a new trial. *Thigpen v. United Parcel Servs., Inc.*, 990 So. 2d 639, 644 (Fla. 4th DCA 2008). However, a de novo standard applies to review "a trial court's conclusions of law in an order granting a new trial." *See Van v. Schmidt*, 122 So. 3d 243, 246 (Fla. 2013) (holding that "an appellate court properly applies a de novo standard of review to a trial court's conclusions of law in an order granting a new trial based on the manifest weight of the evidence, giving no deference to the trial court's legal conclusions"). In *Van*, our supreme court approved the decisions in *Schmidt v. Van*, 65 So. 3d 1105 (Fla. 1st DCA 2011), and *Corbett v. Wilson*, 48 So. 3d 131 (Fla. 5th DCA 2010), where the district courts applied a de novo standard of review in reversing trial court orders granting a new trial based on erroneous applications of law. *Van*, 122 So. 3d at 258; *see also City of Hollywood v. Jarkesy*, 343 So. 2d 886, 887–88 (Fla. 4th DCA 1977) ("Where it is apparent from the grounds stated in granting a new trial that the trial judge is acting under an erroneous legal assumption, then it is not a question of discretion but a question of the legal sufficiency of the ground or reason given."); *Waxman v. Truman*, 792 So. 2d 657, 659 (Fla. 4th DCA 2001).

Pursuant to section 90.104(1)(b), Florida Statutes (2019):

> (1)  A court may predicate error, set aside or reverse a judgment, or grant a new trial *on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected and:*

4

. . . .

(b)  When the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer of proof or was apparent from the context within which the questions were asked.

If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

§ 90.104(1)(b), Fla. Stat. (2019) (emphasis added).

The plaintiff argues the trial court erred in granting a new trial because as a matter of fact and law, the trial court incorrectly concluded that the defendant's substantial rights were adversely affected by the exclusion of the plaintiff's statement in the medical record.  The plaintiff contends that the trial court's conclusion was factually incorrect because the defendant was never precluded from presenting the plaintiff's inconsistent statement, using proper evidentiary procedure.  The plaintiff also argues the trial court's conclusion was incorrect as a matter of law because the inconsistent statement was not relevant to the issue of causation after the parties stipulated that the plaintiff's fall was not caused by a sudden jerk of the trolley.

We agree that as a matter of fact, the trial court did not preclude the defendant from presenting the plaintiff's inconsistent statement, using proper evidentiary procedure.  However, we disagree that the stipulation made the inconsistent statement irrelevant because the credibility of parties is always relevant.  Nevertheless, we conclude that the trial court properly excluded the statement at trial because the defendant never sought to admit it as a party admission exception to the hearsay rule.  We also conclude that the defendant has taken a position on appeal inconsistent with its position at trial.  We explain our reasoning.

First, it appears that the defendant has conflated substantive evidence with impeachment evidence.[1]  By insisting that a stipulation be announced to the jury that the plaintiff's fall was not the result of the

---

[1] We recognize that in limited instances, evidence can be used substantively and for impeachment.

trolley lurching, the defendant cannot contend on appeal that the plaintiff's statement in the medical record should have been admissible as substantive evidence. *See Harper ex rel. Daley v. Toler*, 884 So. 2d 1124, 1135 (Fla. 2d DCA 2004) ("[A] party may not ordinarily take one position in proceedings at the trial level and then take an inconsistent position on appeal.").

When the trial court ruled on the plaintiff's motion in limine to exclude the medical record at the start of the trial, the trial court made clear that if a proper foundation was laid, the inconsistent statement could be used for impeachment. The trial court never deviated from that ruling. During the plaintiff's testimony at trial, the defendant never attempted to impeach her with her inconsistent statement to the doctor. Thus, the plaintiff correctly argues that, factually, the defendant's substantial rights to attack the plaintiff's credibility were not impaired by the trial court's evidentiary rulings.

As a matter of law, it does not appear that the defendant's substantive rights were violated by the exclusion of the medical record. To the extent the trial court sits in a similar fashion to an appellate court in ruling on a motion for new trial, preservation of an issue is required to avoid second bites at the apple. At trial, the defendant never argued that the statement should be admitted as an admission. In argument during trial, the defendant's counsel cited section 90.804(4), but never cited section 90.803(18).

Second, for whatever tactical reason, the defendant insisted that a stipulation be announced by the trial court to the jury. As insisted, the trial court announced: "There's a stipulation that was agreed to by both sides, so I am going to read it to you. There is *no allegation or evidence* that a jolt caused the Plaintiff to fall." (emphasis added). If there was no *allegation* to support a theory of liability because the trolley jolted, evidence of such causation was irrelevant. *See* § 90.401, Fla. Stat. (2019) ("Relevant evidence is evidence tending to prove or disprove a material fact."). More importantly, having insisted at trial that the jury be advised there was no *evidence* that the plaintiff fell because the trolley jolted, the defendant cannot inconsistently argue on appeal that the trial court erred by refusing to admit the plaintiff's statement in the medical record as substantive evidence. *See Toler*, 884 So. 2d at 1135. Using the plaintiff's statement as substantive evidence would be *proof that the plaintiff did fall because the trolley jolted. Ring Power Corp.*, 219 So. 3d at 1032 ("It is well settled that an admission against interest may be introduced into evidence as *substantive evidence of the truth of the matter stated.*" (emphasis added)

(quoting *Seaboard Coast Line R.R. Co. v. Nieuwendaal*, 253 So. 2d 451, 452 (Fla. 2d DCA 1971))).

Having concluded the trial court made no erroneous evidentiary rulings during trial regarding the plaintiff's statement in a medical record as to what caused her to fall, the trial court erred in granting a new trial on that basis. Therefore, we reverse the order granting a new trial with instructions for the trial court to reinstate the jury's verdict.

*Reversed and remanded with instructions.*

WARNER and MAY, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**